[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On April 20, 1998, the plaintiff, Liberty Pines Condominium Association, filed this foreclosure action against Edmund and Ellen Calvin seeking foreclosure of a condominium common charge lien levied for unpaid fines allegedly owed to the plaintiff. The plaintiff served requests for admissions upon the Calvins on June 18, 1998. On July 15, 1998, the Calvins moved the court for a forty-five day extension of time to respond to the requests for admissions, and the motion was granted by this court.
On September 15, 1998, the plaintiff filed a motion for CT Page 13714 summary judgment on the basis that the Calvins had not yet responded to the requests for admissions. According to the plaintiff, because the Calvins failed to respond, the requests were deemed admitted, pursuant to Practice Book § 239, now Practice Book (1998 Rev.) § 13-23,[1] thus eliminating any genuine issue of material fact with respect to liability.
On September 28, 1998, the Calvins filed a "Motion for Extension of Time Nunc Pro Tunc" for an additional period of sixty days ("until October 3, 1998") in which to file its responses to the requests for admissions.
On October 22, 1998, the Calvins filed an objection to the motion for summary judgment. Also on October 22, the Calvins filed, pursuant to Practice Book § 240, now Practice Book (1998 Rev.) § 13-24,[2] a motion to permit withdrawal of admissions. The Calvins argue in their objection to the motion for summary judgment that summary judgment may not be rendered on the basis of the requests for admissions, claimed by the plaintiff to be deemed admitted due to the Calvins' failure to respond, because (1) the Calvins responded to the requests for admissions on September 21, 1998 (see Objection to Motion for Summary Judgment, Exhibit B), (2) the court has yet to rule on the Calvins' motion to permit withdrawal of admissions, and (3) the Calvins filed a motion for extension of time nunc pro tunc.
On October 26, 1998, this court granted the Calvins'motion for extension of time nunc pro tunc. On that same date, the plaintiff filed an objection to the Calvins' motion to permit withdrawal of admissions.
The plaintiff's motion for summary judgment relies almost entirely on the "admissions" of the Calvins as the result of their alleged failure to respond to the requests for admissions. It appears, however, that the Calvins have properly and timely responded to the requests by virtue of the court's ruling to grant the Calvins an extension of time nunc pro tunc to file the requests and the Calvins' compliance with that ruling.[3]
Because the Calvins have properly responded to the requests for admissions within the time frame set by the court, the requests for admissions are not deemed admitted by operation of Practice Book § 13-23. The plaintiff therefore has not met its burden to demonstrate that there exists no genuine issue of material fact with regard to the Calvins' liability based on the purported "admissions" and that it is entitled to judgment as a matter of CT Page 13715 law. The motion for summary judgment is denied.
THE COURT
CURRAN, J.